themselves with our interests and institutions.   We are, therefore, of opinion that the judge did not err, in deciding that Robert L. Tilghman was not a resident of the State, and could not be accepted as security on the appeal bond.

Our opinion on this point, makes it unnecessary to decide on on the other two objections to Robert L. Tilghman.

---

### SAME CASE—APPLICATION FOR A RE-HEARING.

Where the security, given within the ten days to obtain a suspensive appeal, and accepted by the judge, is afterwards rejected, the appeal should not be dismissed without allowing the party time to procure other security.

*C. M. Jones*, for the curator, for a re-hearing, urged that the court had misconstrued the decision in *Lafon* v. *Lafon's Executors*. The original judgment, from which an appeal was sought in that case, had been rendered against the executors *personally*, and the court correctly held that they could not be sureties on the appeal bond.   Had the judgment been against the estate, they would have been sufficient.   Tilghman lost his residence in the State from which he moved, as soon as he left it with the intention of fixing himself in this State.   The decision of this court, declaring that he could not acquire a residence within this State before the expiration of twelve months, will have the effect to disfranchise him, for a time, of the privileges and immunities of citizenship.

GARLAND, J.   Upon further consideration of this cause, on the application for a re-hearing, the court is of opinion that some relief should be extended to the petitioner.   He gave a bond and security within the ten days to obtain a suspensive appeal, which was accepted by the judge, and afterwards the security was rejected.   The judge should have permitted the party to give other security on the bond, and not have dismissed the appeal entirely.

It is, therefore, ordered and decreed, that a mandamus issue commanding the judge of the Court of Probates to send up the appeal heretofore granted by him, if the appellant shall give

good and sufficient security on the bond filed, within five days after the recording of this judgment in the said Court of Pro-. bates.

---

MARIE ANTOINETTE SMITH v. AMABLE SÉNÉCAL and another.

No action will lie against a partnership, for money lent to one of the partners in his own name, to be put by him into the partnership as his share of the capital, and to be re-paid to the lender out of his portion of the profits of the business. The right of action exists only against the borrower, and not against the partnership, with which the lender never contracted.

No action can be maintained by a partner against the firm, to withdraw his portion of the capital, before the expiration of the term for which the partnership was to exist.

Partnership 'funds must be applied to the payment of the partnership debts, in preference to debts due by a partner individually.

APPEAL from the District Court of the First District, *Buchanan*, J.

MORPHY, J. The petitioner seeks to recover of the defendants $10,000 paid to Sénécal on or before the 31st of December, 1836, as a portion of the capital stock that John Cauchois, her son-in-law, was to put into the co-partnership of Sénécal & Cauchois. She alleges that the firm engaged to refund to her this amount, by yearly instalments of one thousand dollars. That they have not only paid no part of the said sum according to contract, but that, for the purpose of defrauding her of the ten thousand dollars, Sénécal & Cauchois have sold out the largest portion of their goods and merchandize, and are selling off the rest, and are about leaving the State, with the fraudulent view of depriving her of all recourse against their property and persons, before she can obtain and exe-. cute a judgment against them in the ordinary course of judicial proceedings. The petition concludes with a prayer for a writ of attachment against the property of the firm, and an order of arrest against Sénécal, the only partner residing here. The answer pleads the general issue, and avers that Michel Musson who signed the articles of co-partnership, as attorney in fact for J. Cauchois, then in France, was without authority to insert in it the